# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTORIA ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.10-CV-583-WDS |
| ) | |
| HOPE CLINIC FOR WOMEN, LTD., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss Counts II, V, VI, VII, VIII, and IX of plaintiff's complaint (Doc. 14) to which plaintiff has filed a response (Doc. 26). Plaintiff's complaint raises nine claims against defendant, Hope Clinic For Women, Ltd. (Hope Clinic), related to alleged employment discrimination. Specifically, Count I alleges racial discrimination; Count II raises sex discrimination based on unwelcome sexual harassment and hostile work environment; Count III is sex discrimination, based on plaintiff's gender; Count IV raises age discrimination; Counts V, VI and VII seek recovery under the Americans with Disabilities Act (ADA); Count VIII seeks recovery for alleged retaliation; and, Count IX for alleged retaliation for exercising her rights under the ADA.

The defendant seeks dismissal of six of the nine counts on the following grounds: that Count II should be dismissed because plaintiff did not include claims of sexual harassment or hostile work environment in her EEOC charge; Counts V, VI, and VII should be dismissed because plaintiff did not make any claims of disability discrimination under the ADA with the EEOC or the Illinois Department of Human Rights; Count VIII should be dismissed because plaintiff did not claim

retaliatory discharge in her EEOC complaint. Plaintiff asserts that the Court should not grant the motion to dismiss because the claims she raises in her complaint are reasonably related to those raised in the EEOC charge. Specifically, plaintiff asserts that Count II, which seeks recovery for gender discrimination, is related to plaintiff's claim of hostile work environment; Counts V, VI and VII are related to the administrative claim; Count VII is cognizable under Title VII and Illinois common law; and Count IX is based on Illinois common law of retaliation.

1. Motion to Dismiss

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must be "sufficient to provide the defendant with 'fair notice' of the claim and its basis," such that the defendant can begin to investigate and defend against the claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081, 1085 (7th Cir. 2008) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even so, claims of employment discrimination under Title VII may be alleged "quite generally." *Id.* at 1081. In addition to providing fair notice, factual allegations must suggest that plaintiffs' right to relief is plausible and not merely speculative. *Id.* at 1084 (*citing EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

After the Supreme Court altered the contours of federal pleading in *Bell Atlantic v. Twombly*, the Seventh Circuit reaffirmed a "minimal pleading standard" for race and sex discrimination, reasoning that "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *Tamayo*, 526 F.3d at 1084 (*quoting EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007)). The complaint need not include evidence. *Id.* at 1081, 1085.

It is well settled that the Court reviews motions to dismiss in the light most favorable to the plaintiffs, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiffs' favor. *Id.* at 1081. All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [herself] out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

When a motion to dismiss is brought on a complaint filed after receiving a right to sue letter from the EEOC, the standard is clear. "Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir.2002) (*quoting Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir.1995)). This allows the EEOC the opportunity to settle the dispute between the employee and employer. Moreover, this requirement also puts the employer on notice of the charge against it. *Id.* To determine whether allegations in a complaint are among those charges which were before the EEOC, the Court looks to the substance of the charges, not merely whether a particular box was checked on the EEOC form. *See Jenkins v. Blue Cross Mut. Hospital Ins., Inc.*, 538 F.2d 164, 168 (7th Cir.1976) (en banc) (holding that "the failure to place a check mark in the correct box" is not necessarily a "fatal error"). *See, Bilal v. Rotec Industries, Inc.,* 326 Fed. Appx. 949, 953 (7th Cir. 2009).

The "consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Ill.*

3

*Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *accord Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *see also Thompson*, 300 F.3d at 753; *Beam*, 838 F.2d at 244. Failure to treat the motion as one for summary judgment (and allow the parties to supplement the record) can result in reversible error. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *R.J.R. Servs., Inc. v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1988); *Beam*, 838 F.2d at 244.

In this case, the plaintiff's EEOC charge is attached to the complaint, and therefore, is available to the Court for review as part of the motion to dismiss (notably both parties refer to the language of the EEOC charge). The Court need not convert this motion to one for summary judgment. *See, Venture Assoc. v. Zenith Data Sys.,* 987 F.2d 429, 431 (7th Cir. 1993). The EEOC charges listed as: "age, sex" and "race." Plaintiff's EEOC Complaint is based on three specific charges, all directly related to loss of her position:

**Discharge based on Sex:**

1. My sex is female.
2. My performance as Director of Clinical Operations met Respondent's legitimate expectations. I was hired in December 2008.
3. On August 21, 2009 I was discharged. The reason given by Executive Director Sally Burgess was because I was "too big" for Hope Clinic. She added that I should be running a place like this or my own company.
4. Respondent replaced me with a male individual with less experience.

**Discharge based on Age:**

1. My age is 48.
2. My performance as Director of Clinical Operations met Respondent's legitimate expectations. I was hired in December 2008.
3. On August 21, 2009 I was discharged. The reason given by Executive Director Sally Burgess was because I was "too big" for

                               Hope Clinic. She added that I should be running a place like this or my own company.
            4.      Respondent replaced me with a younger individual with less experience.

**Discharge based on race:**

            1.      My race is black.
            2.      My performance as Director of Clinical Operations met Respondent's legitimate expectations. I was hired in December 2008.
            3.      On August 21, 2009 I was discharged. The reason given by Executive Director Sally Burgess was because I was "too big" for Hope Clinic. She added that I should be running a place like this or my own company.
            4.      Respondent replaced me with a non-black individual with less experience.

(*See,* EEOC Charge of Discrimination, Attachment to Complaint, Doc. 1, Exhibit 1).

## DISCUSSION

Hostile or abusive work environments are forms of sex discrimination actionable under Title VII of the Civil Rights Act of 1964. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57(1986). To prevail on her claim for hostile work environment, plaintiff must show: "(1) she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the harassment was based on [the individual's] sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir.2002); (*quoting Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1032 (7th Cir.1998) (other citations omitted)). Under the Rehabilitation Act, federal agencies are prohibited from discriminating on the basis on an individual's disability. 29 U.S.C. § 794; 39 C.F.R. § 255.5. Individuals who have suffered discrimination can seek relief

pursuant to the procedures and requirements outlined in Title VII of the Civil Rights Act, which include exhausting administrative remedies prior to bringing suit. 29 U.S.C. § 794a(a)(1). Exhaustion is not a jurisdictional issue, but a condition precedent to bringing a claim under the Act (*See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393(1982); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985)) and a plaintiff who has not exhausted her administrative remedies has prematurely brought those claims into the court. Moreover, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)); *see also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination").

The purpose of this requirement is twofold: to promote resolution of the dispute by settlement or conciliation, and to ensure that the sued employers receive adequate notice of the charges against them. *See Cheek*, 31 F.3d at 500 ("allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge"); *Rush*, 966 F.2d at 1110.

To support a claim under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 (ADA) which prohibits "discrimination against a qualified individual with a disability" *id.* the plaintiff must show "1) that she is disabled; 2) that she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the employer took an adverse job action against her because of her disability or failed to make a reasonable

accommodation." *Stevens v. Illinois Dept. of Transp.,* 210 F.3d 732, 736 (7th Cir. 2000) (*citing* 42 U.S.C. §§ 12111-12).

In this case, plaintiff's EEOC charge is limited by the specific language and time-frame of the allegations therein. Even giving plaintiff the most generous reading of the claims in her charge, there is nothing therein which might give rise to a claim of sexual harassment, disability claims, workplace harassment, or retaliation. That plaintiff states that she 7was performing her work above expectations, but that she was replaced by a younger, non-black male. The employment actions listed have no relationship to any additional claims, nor could they be read to include the possibility of such claims, even under the most liberal construction standards. Clearly, plaintiff has alleged race, gender and age discrimination, but nothing more. *Cf. Tamayo*, 526 F.3d 1085-86. There is no mention of any facts which would give rise to the claims in Counts II, V, VI, VII, VIII or IX.

Accordingly, the Court **GRANTS** defendant's motion to dismiss, and Counts II, V, VI, VII, VIII and IX are **DISMISSED**.


**IT IS SO ORDERED.**

**DATE:   10 November, 2011**
                                    **/s/  WILLIAM D. STIEHL       **
                                         **DISTRICT JUDGE**